IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| POSITIVE SOFTWARE SOLUTIONS, INC., § § Plaintiff, § § v. § § NEW CENTURY MORTGAGE § CORPORATION, NEW CENTURY § FINANCIAL CORPORATION, ECONDUIT § CORPORATION, THE ANYLOAN § COMPANY, JEFF LEMIEUX, and § FRANK NESE, § § Defendants. § § | CIVIL ACTION NO. 3:03-CV-0257-N |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF REDACTION LOG**

Defendants New Century Mortgage Corporation ("New Century Mortgage"), New Century Financial Corporation, eConduit Corporation, The AnyLoan Company, Jeff Lemieux, and Frank Nese (collectively "New Century") file this response to Plaintiff's Motion to Compel Production of Redaction Log, filed on April 14, 2004 ("Motion"). For the reasons discussed below, New Century respectfully submits that the Motion should be denied.

**I.      Overview**

PSS's request for a log identifying non-discoverable information redacted from New Century's *in camera* submission has no basis in the law. PSS has cited to no case which holds that, as a matter of law, a producing party must produce a redaction log when the party has only redacted information <u>outside</u> of the defined scope of discovery, particularly when those redactions were performed pursuant to Court authorization. This dearth of authority is only logical – a contrary rule would, in effect, compel a party to produce a log summarizing the

contents of every nonresponsive document through which it sifted in an attempt to locate responsive documents. The law does not permit such a result.

## II. There is no legal basis for PSS's request for a redaction log.

As the Court is aware, this proceeding presents the special circumstance of the Court having required New Century to produce all documents falling within a limited defined scope of discovery in this proceeding regardless of whether the documents are covered by the attorney-client or work product privileges. On March 3, 2004, the Court ordered New Century to produce those privileged documents for *in camera* review so that the Court could determine on its own whether any or all of them fell within the defined scope of discovery before production to PSS. The Court subsequently found that "[a]ll [of the] documents appear to be within the scope of the waiver described in the March 3, 2004 Order," and granted New Century "leave to redact any portions of the documents that fall outside the scope of discovery" prior to producing the documents to PSS. April 2, 2004 Order at 1. New Century complied with the Court's orders, redacting the nondiscoverable information from the documents and producing them to PSS on April 9, 2004. PSS now complains, without legal basis, that New Century was required to produce a redaction log to PSS that detailed the nature of the irrelevant information redacted from the documents.

There is no support in the law for this extraordinary request, and the cases PSS cites are wholly inapplicable. Two cases, *Green v. Baca*, No. CV02-4744-MMM (MANX), 2003 WL 23181015 (C.D. Cal. Dec. 26, 2003), and *Gov't Guarantee Fund of the Republic of Finland v. Hyatt Corp.*, 177 F.R.D. 336 (D.V.I. 1997), have no bearing whatsoever to this proceeding because they involve the very different situation of one party withholding or redacting *responsive* information because it was *privileged*.

Likewise, *Kessel v. Cook County*, No. 00 C 3980, 2002 WL 398506 (N.D. Ill. Mar. 14, 2002), did not involve the redaction of material falling outside the court's defined scope of discovery. Instead, in *Kessel,* the defendant sent subpoenaes to *nonparty entities* requesting certain documents, and the entities had turned over all *responsive documents*. The court permitted the plaintiffs to review the documents and assert any objections personal to them before the defendants reviewed the documents, but then required the parties to confer in an attempt to resolve the objections. The court established that if such a conference failed, the plaintiffs were to file a motion for *in camera* review. *Id.* at *1-*2. The plaintiffs ignored that procedure, instead unilaterally withholding and redacting documents. *Id.* Because this procedure had not been sanctioned by the court, the court ordered that the plaintiffs produce a log of withheld and redacted documents. *Id.* The court subsequently found that the plaintiffs had asserted many objections, such as relevance, burdensomeness, and overbreadth, that they had no standing to assert because those objections properly lied with the subpoenaed parties, not the plaintiffs. *Id.* at *2. These unusual facts have no bearing on this case, where New Century redacted non-discoverable information pursuant to the Court's instruction.[1]

In short, PSS has cited no law holding that a producing party must deliver a redaction log if it redacts only information outside of the scope of discovery. That PSS is unable to cite such a case is only logical, given that Federal Rule of Civil Procedure 26(b)(5) does not require a party to produce a log detailing material not produced unless it is withholding information that is

---

[1] Curiously, Plaintiff also cites to *In re St. Jude Med., Inc.*, No. MDL 1396, 2001 WL 1663818 (D. Minn. Nov. 23, 2001), even though that citation references a protective order, which in all likelihood was agreed to by both parties, allowing the parties to request a redaction log if the opposing side redacted confidential information from documents. That protective order has no bearing on this litigation, where the April 28, 2003 order does not contain such a provision nor do any of the Court's other orders in this case. Moreover, because it is simply a protective order and did not resolve a substantive dispute between the parties, the *St. Jude* order does not discuss the law relating to redaction logs or state as a matter of law that a party is required to produce a redaction log if it redacts nonresponsive information. Instead, the redaction provision was most likely the result of negotiation between the parties.

*otherwise discoverable* (in other words, within the scope of discovery). *See* FED. R. CIV. P. 26(b)(5) (providing that a privilege log is required only "[w]hen a party withholds information *otherwise discoverable* under these rules by claiming that it is privileged or subject to protection as trial preparation material") (emphasis added). In a closely analogous situation, the Federal Rules Advisory Committee has concluded that logs need not be produced to the opposing party:

> The obligation to provide pertinent information concerning withheld privileged materials applies only to items 'otherwise discoverable.' If a broad discovery request is made – for example, for all documents of a particular type during a twenty year period – and the responding party believes in good faith that production of documents for more than the past three years would be unduly burdensome, it should make its objection to the breadth of the request and, with respect to the documents generated in that three year period, produce the unprivileged documents and describe those withheld under the claim of privilege. If the court later rules that documents for a seven year period are properly discoverable, the documents for the additional four years should then be either produced (if not privileged) or described (if claimed to be privileged).

*See* FED. R. CIV. P. 26(b)(5) 1993 advisory committee notes.[2] New Century has not withheld information that would be "otherwise discoverable" but for an assertion of privilege or a like exception to production; instead, New Century has only withheld *nonresponsive, nondiscoverable* information. PSS is no more entitled to a log evidencing the redaction of the nonresponsive information included within the documents at issue than it to is a log detailing all of the nonresponsive information through which New Century's counsel sifted to locate the responsive documents.

### III.   PSS has mischaracterized New Century's production.

Because PSS cannot muster any law in support of its position, it attempts to convince the Court to order a redaction log by mischaracterizing the nature of New Century's production,

---

[2]   *See also United States v. Philip Morris Inc.*, 314 F.3d 612, 621 (D.C. Cir. 2003) ("[I]f a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections.").

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**MOTION TO COMPEL PRODUCTION OF REDACTION LOG** Page 4
D-1238130.4

suggesting that New Century redacted discoverable information, sometimes "secretly" doing so. PSS is wholly incorrect. A review of some of the "examples" to which PSS cites shows that PSS's claims are disingenuous and ill-founded.

Plaintiff first attacks New Century's redactions to NCM-IC-000901 [PSS's Appendix at 11]; NCM-IC-000961-62 [PSS's Appendix at 12-13]; NCM-IC-000963-64 [PSS's Appendix 14-15]; and NCM-IC-000965-66 [PSS's Appendix at 16-17]. It claims that in these documents New Century redacted important portions of an e-mail exchange between Ms. Camina and Mr. Norment that New Century did not redact in NCM-IC-000191-93 [PSS's Appendix at 1-3]; NCM-IC-000956-57 [PSS's Appendix at 4-5]; NCM-IC-000959 [PSS's Appendix at 6]; and NCM-IC-000968 [PSS's Appendix at 7]. However, as is apparent from a review of even the redacted versions of these two groups of documents, they are part of two separate e-mail chains. Only the first e-mail chain contains the entirety of the exchange between Ms. Camina and Mr. Norment referenced by PSS. The second e-mail chain, while including some of the individual e-mails in the first chain, include *different e-mails* from the first chain starting after Mr. Norment's December 19, 2003, 4:20pm e-mail to Ms. Camina. Thus, New Century did not redact discussions from the second e-mail chain that were included in the first, but instead redacted totally unrelated material that was included only in the second e-mail chain and not in the first.

Similarly, PSS errs in accusing New Century of redacting information from NCM-IC-000269-75 [PSS's Appendix at 18-24]. Contrary to PSS's contention, the redacted portions of that document do not concern the contents of the CD created by Mr. Norment on April 9, 2003. Instead, it, like the other information redacted by New Century, relates to information that falls outside of the defined scope of discovery in this proceeding. Again, it is apparent from the redacted document itself that the redacted portions do not relate to the CD directory, because a

long line running the width of the page, plus a page break following that line, divide the list of contents of the CD directory (none of which was redacted) from the unrelated, nonresponsive material that New Century redacted. *See* NCM-IC-000270 [PSS's Appendix at 19].[3]

PSS also incorrectly asserts that New Century "secretly redacted" certain information from the documents. This is completely false. PSS argues that "the same e-mail from John Norment to Jeff Copeland" is found at NCM-IC-000002 and NCM-IC-000075 and that New Century redacted the full title from the latter copy of that e-mail without indicating that such a redaction had occurred. In fact, it is apparent from the redacted versions of these documents in PSS's possession that they are not copies of the same e-mail, because Mr. Norment sent NCM-IC-000002 at 12:33pm while Mr. Norment sent NCM-IC-000075 at 10:33am; additionally, the text of the two e-mails is in different fonts. New Century did not secretly redact a portion of the title of the 10:33am e-mail. Instead, the unredacted version of that document (the copy produced to the Court on March 31, 2001) never included the same title as the 12:33pm e-mail.[4]

## IV.  Conclusion

The law does not support New Century's production of a redaction log in these circumstances. Moreover, PSS's allegations do not support that New Century improperly redacted the documents it produced. Accordingly, New Century respectfully submits that Plaintiff's Motion be denied and New Century be awarded any further relief to which it is entitled.

---

[3]  After reviewing New Century's production, it appears that one document, bates numbered NCM-IC-000536, was inadvertently redacted. An unredacted version of that document bates numbered NCM-IC-000536-A is being produced to Plaintiff.

[4]  The same is true with regard to NCM-IC-000891 and NCM-IC-001032 [PSS's Appendix at 37 and 38]. Although PSS contends that New Century "secretly deleted" tracking information from NCM-IC-001032 that is contained on NCM-IC-00891, such information never existed on NCM-IC-00891. Similarly, New Century never redacted any sender or date information from NCM-IC-000027-28 [PSS's Appendix at 39-40]; such information was not on the documents to begin with.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF REDACTION LOG**                                                Page 6
D-1238130.4

Respectfully submitted,

*Ronald W. Breaux/LBz*
Robin P. Hartmann
State Bar No. 09168000
Ronald W. Breaux
State Bar No. 02937200

**HAYNES AND BOONE, L.L.P.**
901 Main Street, Suite 3100
Dallas, Texas 75202-3789
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

Barry C. Barnett
State Bar No. 01778700
Ophelia F. Camiña
State Bar No. 03681500

**SUSMAN GODFREY, L.L.P.**
901 Main Street, Suite 4100
Dallas, Texas 75202-3789
Telephone: (214) 754-1900
Facsimile: (214) 754-1933

**COUNSEL FOR NEW CENTURY MORTGAGE CORPORATION, NEW CENTURY FINANCIAL CORPORATION, ECONDUIT CORPORATION, THE ANYLOAN COMPANY, FRANK NESE AND JEFF LEMIEUX**

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing instrument was served on counsel for Positive Software Solutions, Inc., Michael W. Shore, by facsimile and United States Mail in accordance with the Federal Rules of Civil Procedure on the 4th day of May, 2004.

Michael W. Shore
Shore Diary, L.L.P.
2515 McKinney Avenue
Suite 1565
Dallas, Texas  75201

_____/Ronald W. Breaux/las_____